# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re  Adam Szczypta,                )
                                     )
                                     )    Bankruptcy No. ____11-07026____
                                     )
            Debtor.                  )    Chapter _____7_____

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____Ungaretti & Harris LLP_____

Authorized to Provide Professional Services to: _____R. Scott Alsterda, Chapter 7 Trustee_____

Date of Order Authorizing Employment: _____October 26, 2011_____

Period for Which Compensation is Sought:
From _____June 21_____, _2011_ through _____October 22_____, _2014_

Amount of Fees Sought:  $ 10,152.50

Amount of Expense Reimbursement Sought:  $ 83.16

This is an:   Interim Application _____    Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:  _____January 8, 2015_____          _____R. Scott Alsterda_____
                                                        (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ADAM SZCZYPTA, | ) | Case No. 11-07026 |
| | ) | Honorable Timothy A. Barnes |
| Debtor. | ) | |
| | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and UNGARETTI & HARRIS LLP (collectively "U&H"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

BACKGROUND

1. Adam Szczypta (the "Debtor") filed his voluntary petition under Chapter 11 of the Bankruptcy Code on February 22, 2011.

2. The United States Trustee filed a Motion To Convert or Dismiss the Debtor's Chapter 11 Case on June 7, 2011.

3. On June 21, 2011 an order was entered converting the Debtor's Chapter 11 Case to a Chapter 7 Case.

4. The United States Trustee filed a letter appointing R. Scott Alsterda (the "Trustee") as the Chapter 7 Trustee in the Debtor's case on June 23, 2011.

5. Thereafter on August 8, 2011, the Debtor filed a Motion to Convert (the Chapter 7 Case) to a Chapter 13 Case, however on September 9, 2011, an order was entered granting the Debtor's request to withdraw the Motion to Convert to a Chapter 13 Case.

6. The Trustee filed his Initial Report of Assets on October 17, 2011.

7. On October 26, 2011, an order was entered approving the employment of U&H as counsel for the Trustee. A copy of the October 26, 2011 Order approving the employment of Ungaretti & Harris LLP as counsel for Trustee is attached hereto as Exhibit "A."

## CASE SUMMARY

8. During the course of the Trustee's examination of the Debtor's assets and financial affairs, the Trustee learned that the Debtor had transferred funds to his spouse prior to filing his bankruptcy petition. The Trustee also concluded that there were three vehicles owned by the Debtor which had realizable value for the benefit of creditors.

9. In order to assist the Trustee in avoiding and recovering the funds that the Debtor had transferred to his spouse and to monetize the value of the Debtor's vehicles, the Trustee retained U&H as his legal counsel.

10. The Trustee with the assistance of U&H obtained orders approving a favorable settlement of the fraudulent transfer claim and the sale of the bankruptcy estate's interest in the three vehicles to the Debtor.

## DESCRIPTION OF LEGAL SERVICES

11. The nature and extent of the services which U&H provided to the Trustee are summarized in the following paragraphs.

12. <u>Employment of Legal Counsel and Tax Accountant</u>. U&H provided 6.00 hours of services to the Trustee with a value of $1,841.00 related to the Trustee's motions to employ

2

U&H as his bankruptcy counsel and Popowcer Katten, Ltd. as his tax accountants in this case. These services included drafting the motions, the declarations and the proposed orders, as well as a court appearance for the hearings on the motion to employ tax accountants.

13. Case Conversion. U&H provided 5.20 hours of services to the Trustee with a value of $2,106.00 related to the Debtor's Motion to Convert (the Chapter 7 Case) to a Chapter 13 Case. These services include a review of the Debtor's motion and a draft Chapter 13 Plan as well as several conferences with counsel for the Debtor and the U.S. Trustee. U&H attended several post-conversion status hearings and continued hearings on the Debtor's Motion to Convert to a Chapter 13 Case. The Debtor eventually withdrew his Motion to Convert to a Chapter 13 Case.

14. Stay Relief. U&H provided 1.00 hours of services to the Trustee with a value of $515.00 in connection with two motions to modify the stay filed by mortgage lenders. These services included a review of both motions and conferences with the Debtor's counsel regarding the Trustee's decisions to not oppose the relief sought by the mortgage lenders.

15. Fraudulent Transfer Claim and Settlement. U&H provided 10.70 hours of services to the Trustee with a value of $4,281.50 related to the Trustee's efforts to avoid and recover certain funds that the Debtor transferred to his spouse prior to the filing of his bankruptcy petition. These services included several requests for documents related to the transfer and a review of bank statements and an accounting for the disbursement of the funds by the Debtor and his spouse. U&H also assisted the Trustee in negotiating the terms of a settlement of the fraudulent transfer claim and drafted the settlement agreement and the Trustee's Motion to Approve the Settlement. U&H appeared at the hearing on the settlement of the fraudulent transfer claim and an order was entered approving the settlement.

16.     Sale of Vehicles. U&H provided 3.40 hours of services to the Trustee with a value of $1,409.00 in connection with the Trustee's sale of the bankruptcy estate's interest in three vehicles to the Debtor. U&H assisted the Trustee in negotiating the sale price and the terms of sale with the Debtor. U&H also drafted the sale motion and the bill of sale, and appeared at the hearing on the sale motion at which time an order was entered approving the sale.

17.     Summary of Services. The services provided to the Trustee by U&H are summarized as follows:

| CATEGORY | HOURS | VALUE |
|---|---|---|
| Employment of Counsel and Accountant | 6.00 | $1,841.00 |
| Case Conversion | 5.20 | 2,106.00 |
| Stay Relief | 1.00 | 515.00 |
| Fraudulent Transfer Claim Case Settlement | 10.70 | 4,281.50 |
| Sale of Vehicle | 3.40 | 1,409.00 |
| TOTALS | 26.30 | $10,152.50 |

18.     Attached as Exhibit "B" is an itemized statement of the legal services rendered by U&H in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

19.     The time expended and services rendered by the individual U&H attorneys are summarized as follows:

| Attorney | Hours | Blended Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 11.30 | 513.41 | $5,801.50 |
| Patrick F. Ross | 8.20 | 327.44 | 2,685.00 |
| David Doyle | 6.80 | 245.00 | 1,666.00 |
| TOTAL | 26.30 | | $10,152.50 |

20.     Based on the nature, extent and value of services performed by U&H, the results achieved, and the costs of comparable services and the compensation sought are fair and reasonable.

## EXPENSES

21. During the course of U&H's engagement by the Trustee, U&H incurred $27.36 in postage expenses (at cost) and $55.80 in copying charges (at 10¢ per page) for a total of $83.16 in out of pocket expenses for which U&H now seeks reimbursement as allowable expense.

22. At all times during U&H's representation of the Trustee, U&H was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which U&H was employed.

WHEREFORE, U&H requests that it be awarded reasonable compensation in the amount of $10,152.50 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $83.16.

DATE: January 8, 2015

Respectfully Submitted

UNGARETTI & HARRIS LLP

/s/ R. Scott Alsterda

Of Counsel:
R. Scott Alsterda (ARDC 3126771)
Ungaretti & Harris, LLP
3500 Three First National Plaza
70 West Madison Avenue
Chicago, IL  60602-4283
312-977-9203; 312-977-4405 (Fax)
rsalsterda@uhlaw.com